UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALEXANDRA PEREZ,                                            Civil Action No.

                        Plaintiff,

   -against-

786 MOBILE INC. and MOHAMED DORIA,

                       Defendants.
------------------------------------------------------------X

## COMPLAINT

Plaintiff, ALEXANDRA PEREZ ("Plaintiff"), as and for her Complaint against Defendants, 786 MOBILE INC. and MOHAMED DORIA ("Defendants"), respectfully alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law ("NYLL"), and the New York Codes, Rules, and Regulations, Part 142 ("Regulations"), to recover unpaid overtime compensation and for other relief.

2. Jurisdiction over Plaintiff's FLSA claim is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claim that they form part of the same case or controversy.

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

**PARTIES**

5. Plaintiff is an adult female who resides in New York, New York.

6. Plaintiff was employed by Defendants from on or about February 2019 until on or about February 2, 2020.

7. According to the New York State Department of State, Division of Corporations, Defendant, 786 Mobile Inc. (hereinafter, "786 Mobile"), is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Upon information and belief, Defendant 786 Mobile maintains a principal place of business located at 70 Westchester Square, Bronx, New York 10461.

9. Upon information and belief, Defendant 786 Mobile owns and operates the Metro PCS retail store located at 70 Westchester Square, Bronx, New York 10461.

10. At all relevant times, Defendant 786 Mobile maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to her.

11. Upon information and belief, Defendant Mohamed Doria ("Doria") is a resident of the State of New York.

12. Upon information and belief, at all relevant times, Defendant Doria was a shareholder, owner, officer, director, and/or managing agent of Defendant 786 Mobile.

13. Upon information and belief, at all relevant times, Defendant 786 Mobile was owned, operated, and/or controlled by Defendant Doria.

14. Upon information and belief, at all relevant times, Defendant Doria exercised operational control over Defendant 786 Mobile, controlled significant business functions of Defendant 786 Mobile, determined employee salaries, made hiring decisions, and acted on behalf

of and in the interest of Defendant 786 Mobile in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

15. Upon information and belief, at all relevant times, Defendant Doria participated in running the daily operations of Defendant 786 Mobile and its Metro PCS retail store.

16. Upon information and belief, at all relevant times, Defendant Doria participated in the management and supervision of the employees employed by Defendant 786 Mobile.

17. Defendants had substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

18. Defendants maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to her.

19. Defendants are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Plaintiff.

## FACTS

20. Defendants own and operate the aforementioned Metro PCS retail store for the purpose of selling cellular telephones and other merchandise to the public.

21. At all times relevant to this action, Plaintiff was employed as a retail clerk for the benefit of and at the direction of Defendants at their Metro PCS retail store.

22. Throughout her employment with Defendants, Plaintiff's primary duty was to assist customers and operate the cash register.

23. Throughout her employment, Defendants did not require Plaintiff to clock-in or -out of her shifts each day.

24. Upon information and belief, Defendants failed to keep and maintain records of the times Plaintiff began and ended her shifts each day or of the total number of hours that she worked each week.

25. Throughout her employment, Plaintiff typically worked five (5) days per week with Saturday and one additional rotating day off.

26. Throughout her employment, Plaintiff worked from about 9:30 a.m. until about 8:00 p.m. each shift.

27. Throughout her employment, Plaintiff did not receive and did not take uninterrupted meal breaks longer than fifteen minutes.

28. Throughout her employment, Plaintiff generally worked fifty-two and one-half (52.5) hours per week.

29. Throughout Plaintiff's employment, Defendants paid Plaintiff on a weekly basis, partly in cash and partly in check.

30. From on or about February 2019 through on or about July 2019, Defendants paid Plaintiff fifteen dollars ($15.00) per hour.

31. From on or about August 1, 2019 through on or about February 2, 2020, Defendants paid Plaintiff thirteen dollars ($13.00) per hour.

32. Throughout Plaintiff's employment, Defendants only paid Plaintiff for those hours that the Metro PCS retail store was open for business: from 10:00 a.m. until 8:00 p.m. Defendants did not pay Plaintiff any wages for the time she was required to be in the store prior to it being open.

33. Throughout Plaintiff's employment, Defendants paid Plaintiff her hourly rate of pay up to forty (40) hours. Thereafter, Defendants paid Plaintiff only ten dollars ($10.00) per hour.

4

34. Throughout Plaintiff's employment, Defendants did not pay Plaintiff overtime compensation for any hours that she worked in excess of forty (40) hours each week.

35. Throughout Plaintiff's employment, Defendants did not pay Plaintiff at a rate of one and one-half times her regular rate of pay for any hours that she worked in excess of forty (40) hours each week.

36. Throughout Plaintiff's employment, Defendants did not pay Plaintiff her regular wages for those hours that she spent working in Defendants' Metro PCS retail store prior to it opening each day.

37. From on or about August 1, 2019 through the end of her employment, Defendants did not pay Plaintiff the statutory minimum wage rate for all hours worked.

38. From on or about August 1, 2019 through the end of her employment, Plaintiff regularly worked in excess of ten (10) hours per day during weeks in which she was not paid the statutory minimum wage rate.

39. Despite working in excess of ten (10) hours per day during this period, Defendants did not pay Plaintiff spread of hours compensation at a rate of one extra hour of pay at the statutory minimum wage rate for each day in which Plaintiff worked in excess of ten (10) hours.

40. Defendants did not provide Plaintiff with a notice and acknowledgment of payrate and pay day, or any other type of wage notice, at the time of her hiring or at any other time thereafter, as required by NYLL § 195(1).

41. Defendants did not provide Plaintiff with complete and accurate earnings statements along with her weekly earnings, as required by NYLL § 195(3).

42. Defendant Doria participated in the decision to hire Plaintiff.

43. Defendant Doria participated in the decision to fire Plaintiff.

44. Defendant Doria participated in deciding the manner in which Plaintiff was paid.

45. Defendant Doria participated in setting Plaintiff's work schedule.

46. Defendant Doria participated in deciding the hours that Plaintiff worked each week.

47. Defendant Doria participated in deciding the job duties that Plaintiff performed.

48. Defendant Doria participated in the daily supervision of Plaintiff's duties.

49. Defendant Doria participated in running the day-to-day operations of Defendant 786 Mobile.

50. Defendants managed Plaintiff's employment, including the amount of hours she worked.

51. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies during Plaintiff's employment.

52. Defendants were aware of Plaintiff's work hours but failed to pay her the full amount of overtime compensation to which she was and is entitled for this work time under the law.

53. Defendants were aware of Plaintiff's work hours but failed to pay her the full amount of regular wages to which she was and is entitled for this work time under the law.

54. Defendants were aware of Plaintiff's rates of pay but failed to pay her the statutory minimum wage rate to which she was and is entitled for this work time under the law.

55. Defendants were aware of Plaintiff's work hours and rate of pay but failed to pay her the full amount of spread of hours compensation to which she was and is entitled for this work time under the law.

56. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights, and Plaintiff has been damaged by such failures.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ.*
## FAILURE TO COMPENSATE FOR OVERTIME

57. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

58. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

59. Defendants were and are subject to the overtime pay requirements of the FLSA because Defendant 786 Mobile was and is an enterprise engaged in commerce or in the production of goods for commerce.

60. At all times relevant to this Complaint, Defendant 786 Mobile had, and continues to have, two or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff who handled retail merchandise that originated outside of the State of New York.

61. Upon information and belief, the gross annual volume of sales made or business done by Defendant 786 Mobile for 2019 was not less than $500,000.00.

62. Additionally, Defendant 786 Mobile was and is subject to the overtime pay requirements of the FLSA because Plaintiff was individually engaged in interstate commerce within the scope of her job duties by processing credit card payments through companies located

outside of the State of New York and processing cellular telephone accounts for cellular telephone providers located outside of the State of New York.

63. At all times relevant to this action, Plaintiff has been entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

64. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

65. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

66. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

67. However, none of the Section 13 exemptions apply to Plaintiff because she has not met the requirements for coverage under the exemptions.

68. Defendants have acted willfully and either knew that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

69. Defendants have not acted in good faith with respect to the conduct alleged herein.

70. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

### COUNT II
### VIOLATION OF THE NEW YORK LABOR LAW
### ARTICLE 6 AND 19
### FAILURE TO COMPENSATE FOR OVERTIME

71. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

72. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

73. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 142-2.2.

74. By the above-alleged conduct, Defendants have failed to pay Plaintiff overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

75. By the above-alleged conduct, Defendants have failed to pay Plaintiff overtime compensation for the time periods in which she worked in excess of forty (40) hours a week.

76. Plaintiff is not exempt from the overtime provisions of the New York Labor Law, because she does not meet the requirements for any of the reduced number of exemptions available under New York law.

77. Defendants have acted willfully and either knew that their conduct violated the New York Labor Law or have shown a reckless disregard for the matter of whether their conduct violated the New York Labor Law. Defendants have not acted in good faith with respect to the conduct alleged herein.

78. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**COUNT III**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLE 19**
**FAILURE TO PAY MINIMUM WAGES**

79. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

9

80. By the conduct alleged herein, Defendants have willfully failed to pay Plaintiff at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL § 652.

81. Such failures have constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

82. Defendants have acted willfully and either knew that their conduct violated the New York Labor Law or have shown a reckless disregard for the matter of whether their conduct violated the New York Labor Law. Defendants have not acted in good faith with respect to the conduct alleged herein.

83. As a result of Defendants' unlawful practices, Plaintiff has suffered a loss of wages.

84. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLES 6 AND 19
## FAILURE TO PAY SPREAD OF HOURS COMPENSATION

85. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

86. In violation of the NYLL and the Regulations pertaining thereto, Defendants have failed to pay Plaintiff an additional hour of pay when the spread of hours between the beginning and end of her workday exceeded ten (10) hours.

87. Such failures have constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

88. Defendants have acted willfully and either knew that their conduct violated the New York Labor Law or have shown a reckless disregard for the matter of whether their conduct violated the New York Labor Law. Defendants have not acted in good faith with respect to the conduct alleged herein.

89. As a result of Defendants' unlawful practices, Plaintiff has suffered a loss of wages.

90. As a result of Defendants' violation of the NYLL and the Regulations pertaining thereto, Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

## COUNT V
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6
## FAILURE TO PAY REGULAR WAGES

91. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

92. During Plaintiff's employment, Defendants suffered and permitted Plaintiff to work numerous hours each week without paying her the wages to which she was and is entitled.

93. Defendants' failure to pay Plaintiff the wages that she earned constitutes outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

94. Defendants have acted willfully and either knew that their conduct violated the NYLL or have shown reckless disregard for the matter of whether their conduct violated the NYLL. Defendants have not acted in good faith with respect to the conduct alleged herein.

95. As a result of Defendants' unlawful practices, Plaintiff has suffered a loss of wages.

96. As a result of Defendants' violations of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, CPLR interest, attorneys' fees, and costs of litigation.

## COUNT VI
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(1)
## FAILURE TO PROVIDE WAGE NOTICES

97. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

98. Defendants willfully failed to furnish Plaintiff with a wage notice upon hiring, or at any time thereafter, as required by NYLL § 195(1), in English or in the language identified by Plaintiff as her primary language, which was to contain, among other things, the rate or rates of pay and basis thereof; the regular pay day designated by Defendants as an employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the regular hourly rates of pay and overtime rates of pay.

99. Through their knowing and intentional failure to provide Plaintiff with a wage notice, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

100. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT VII
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(3)
## FAILURE TO PROVIDE WAGE STATEMENTS

101. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

102. Defendants have willfully failed to provide Plaintiff with complete and accurate written wage statements with her wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of

employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

103. Through their knowing and intentional failure to provide Plaintiff with complete and accurate wage statements, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

104. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through her attorneys, Neil H. Greenberg & Associates, P.C., demands judgment against Defendants, jointly and severally and in favor of Plaintiff, for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

1. Violated provisions of the FLSA by failing to pay overtime compensation to Plaintiff;

2. Willfully violated the provisions of the FLSA;

3. Violated the provisions of the NYLL by failing to pay overtime, minimum wages, regular wages, and spread of hours compensation to Plaintiff;

4. Willfully violated the applicable provisions of the NYLL;

5. Violated the provisions of the NYLL by failing to provide Plaintiff with wage notices and wage statements;

B. Award compensatory damages, including all overtime, minimum wages, regular wages, and spread of hours compensation owed, in an amount according to proof;

13

C. Award liquidated damages under the NYLL, or alternatively the FLSA;

D. Award interest on all NYLL overtime, minimum wages, regular wages, and spread of hours compensation due accruing from the date such amounts were due;

E. Award all statutory damages under the NYLL;

F. Award attorneys' fees and costs incurred in prosecuting this action; and

G. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
April 9, 2020

_____
Neil H. Greenberg, Esq.
Keith E. Williams, Esq.
Neil H. Greenberg & Associates, P.C.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
nhglaw@nhglaw.com
keith@nhglaw.com

## FAIR LABOR STANDARDS ACT CONSENT FORM

I, the undersigned, consent to be a party in *Perez v. 786 Mobile Inc., et al.* in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. section 216(b).

Dated: Massapequa, New York
       March 25, 2020

DocuSigned by:
/s/ Alexandra P.
29752EB873E24B7...
Ms. Alexandra Perez

- 1 -