**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

ALEXANDRA PEREZ,                                          **20-CV-2928 (JPO)**

                    Plaintiff,                 **DECLARATION OF KEITH E.**
                                               **WILLIAMS, ESQ. IN SUPPORT**

        -against-

786 MOBILE INC. and MOHAMED DORIA,

                    Defendants.
-----------------------------------------------------------X

I, Keith E. Williams, Esq., hereby declare under the penalty of perjury pursuant to 28 U.S.C. section 1746 that the following is true and correct:

1.      I am over the age of 21, competent to testify, and if called to testify would do so consistent with all matters set forth herein.

2.      This Declaration is submitted in support of Plaintiff's Motion for Settlement Approval of this Fair Labor Standards Act ("FLSA") case.

3.      I have experience litigating employment law matters including cases arising under the FLSA, NYLL, FMLA, Title VII, New York Executive Law, and New York City Administrative Code, among others. I have represented both employees and employers in actions involving these types of claims.

4.      I have been an attorney with the Law Office of Neil H. Greenberg & Associates, P.C. ("NHG Law") since 2016. During this time, I have appeared in over 100 wage and hour cases in the Eastern and Southern Districts of New York, and countless more in the Supreme Court of the State of New York.

5.      I am the only attorney at NHG Law who worked on this case. I participated in every aspect of this case, including performing the client intake, drafting the Complaint and Amended

Complaint, drafting Plaintiff's Motion to Dismiss Defendants' Counterclaims, drafting Plaintiff's Estimated Calculation of Damages, meeting with Plaintiff throughout each phase of this action, negotiating the settlement of this dispute, and drafting the settlement agreement and motion for approval.

6.      The parties' Settlement Agreement and Release is attached hereto at **Exhibit A**.

7.      Plaintiff's Estimated Calculation of Damages is attached hereto at **Exhibit B**.

8.      I billed a total of 34.4 hours throughout this lawsuit. NHG Law's Billing records are attached hereto as **Exhibit C**. If I am given an hourly rate of $275.00,[1] the total lodestar is **$275.00 x 34.4 hours = $9,460.00**.

9.      All of the hours that I worked on this case were accurately recorded by the firm's Amicus Attorney software. For years, NHG Law has used the Amicus Attorney software to maintain contemporaneous records of the time spent by the firm's lawyers.  The Amicus Attorney software has always proven to be reliable and accurate in recording the hours that the firm's lawyers have worked. In this case, I accurately recorded my time on Amicus Attorney on the same day that I performed the work or within a reasonable time thereafter. The time entries that I put in specifically state the work that I performed, when it was performed, and the amount of time spent

---

[1] Courts in this Circuit have approved lodestar calculations using $275.00 as a reasonable hourly rate to determine the reasonableness of the attorneys' fees that I have requested relating to motions for FLSA Settlement Approval, including: *Pena Abreu v. White Star NYC, Inc., et al.*; 20-CV-0835 (JPO)(SLC) (E.D.N.Y. December 1, 2020) (not reported) (*see* D.E. 33) (this Court found the settlement terms, including the allocation of attorneys' fees and costs, to be fair and reasonable); *Villanueva v. Fresh Kitchen Inc*, 19-CV-5892 (LGS) (S.D.N.Y. Apr. 22, 2020) (not reported) (*see* Docket Entry ("D.E.") 34, 35) ("The Court finds the requested attorneys' fees to be fair and reasonable in light of the quality of counsel, risks of litigation and the litigation's magnitude and complexity."); *Pena v. NB Network Sols. Inc.*, 19-CV-1681 (RA), 2020 WL 2614767 (S.D.N.Y. May 22, 2020) (*see* D.E. 80, 81); *Rosado v. Benchmark Contracting Inc.*, 19-CV-0504 (ENV)(JO) (E.D.N.Y. Mar. 5, 2020) (not reported), *report and recommendation adopted* (E.D.N.Y. Mar. 27, 2020) (not reported) (*see* D.E. 23-2); *Villatoro Garcia v. EKP, Inc.*, 19-CV-4884 (RLM) (E.D.N.Y. Apr. 7, 2020) (not reported) (*see* D.E. 15-2, 19); and *Pena v. JARM Communications Inc.*, 20-CV-2587 (VEC) (S.D.N.Y. Aug. 24, 2020) (not reported) (*see* D.E. 31, 34).

performing the work. I respectfully submit that none of the billed hours are redundant, excessive, or unnecessary. The amount of time I spent allowed me to negotiate the best settlement possible.

10.    Courts in this Circuit have previously awarded NHG Law attorneys' fees in the amount of one-third the total settlement amount in Fair Labor Standards Act cases. *See e.g.*, *Pena Abreu v. White Star NYC, Inc., et al.*; 20-CV-0835 (JPO)(SLC) (E.D.N.Y. December 1, 2020) (not reported) (*see* D.E. 33) ("[o]ne-third of the settlement sum … will be collected in attorney's fees and costs"); *Pena v. NB Network Sols. Inc.*, 19-CV-1681 (RA), 2020 WL 2614767, at *2 (S.D.N.Y. May 22, 2020) (awarding "about one-third of the total settlement amount"); *Lawyer v. Bathroom Buddy Remodeling, Inc.*, November 18, 2019 Order, unnumbered Docket Entry, 19-CV-03589 (SMG) (E.D.N.Y. 2019) (awarding one-third attorneys' fees in a two plaintiff FLSA case and noting that while lodestar information was not provided, "lodestar is often low when, as here, a case is resolved at an early stage, yet early settlements are to be encouraged"); *Guzman v. J.H. Caruso Ltd.*, August 13, 2019 Order, unnumbered Docket Entry, 18-CV-06067 (E.D.N.Y. 2018) (awarding one-third attorneys' fees in a single Plaintiff FLSA case without review of billing records or lodestar figures).

11.    Once an initial lodestar computation has been made, district courts have the discretion to "increase the lodestar by applying a multiplier based on other less objective factors, such as the risks of the litigation and the performance of the attorneys." *Pucciarelli v. Lakeview Cars, Inc*, 16-CV-4751, 2017 WL 2778029 at *2 (E.D.N.Y. June 26, 2017) (quoting *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47 (2d Cir. 2000). "Courts regularly award multipliers from two to six times the lodestar." *Cohan v. Columbia Sussex Management, LLC*, 12-CV-3203, 2018 WL 4861391 at *5 (E.D.N.Y. Sept. 28, 2018) (approving a 2.3 multiplier as "well within the range awarded" and citing S.D.N.Y. cases where multipliers of 2.09, 3.97, and 4.65 were found

reasonable); *Weston v. TechSol, LLC*, 17-CV-0141, 2018 WL 4693527 at \*6 (E.D.N.Y. Sept. 26, 2018) (quoting *Monserrate v. Tequipment, Inc.*, 11-CV-6090, 2012 WL 5830557 at \*3 (E.D.N.Y. Nov. 16, 2012); *Donnelly v. Peter Luger of Long Island, Inc.*, 13-CV-1377, 2014 WL 12769046 at \*8 (E.D.N.Y. Nov. 13, 2014) (finding a lodestar multiplier of 2.35 to be "at the lower range of what courts have approved" and collecting cases where courts in the Second Circuit approved lodestar multipliers of 3.3, 3.53, 3.96, 4.65, 5.3, and 5.5).

12.     Importantly, as the Second Circuit recently noted in *Fisher v. SD Prot. Inc.*, 948 F.3d 593 (2d Cir. 2020), "[n]either the text nor the [remedial] purpose of the FLSA … supports imposing a proportionality limit on recoverable attorneys' fees." *Id.* at 603. The Court explained that "[b]y implementing a percentage cap on attorneys' fees in FLSA actions, district courts impede Congress's goals by discouraging plaintiffs' attorneys from taking on 'run of the mill' FLSA cases where the potential damages are low and the risk of protracted litigation high. Fee awards in wage and hour cases should 'encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel.'" *Id.* (citing *Sand v. Greenberg*, 08-CV-7840 (PAC), 2010 WL 69359, at \*3 (S.D.N.Y. Jan. 7, 2010)).

13.     NHG Law's efforts to date have been without compensation and its entitlement to payment has been wholly contingent upon the result achieved. As with every other FLSA case, my office stood to gain nothing in the event this litigation was unsuccessful while incurring substantial and unrecoverable costs. There have been numerous cases where NHG Law's lodestar has substantially exceeded one-third of the settlement amounts that it has negotiated on behalf of its clients. Each time my office limited its fee to one-third of the recovery.

14.     Here, NHG Law is seeking one-third of the total settlement amount ($18,000.00) in attorneys' fees (i.e., $6,000.00). If this Court awards me a $275.00 hourly rate, the lodestar is $9,460.00, well above the amount NHG Law is seeking. Despite the loadstar exceeding one-third of the settlement amount, NHG Law is limiting its fee to one-third of the recovery. Thus, based on the foregoing, it is respectfully requested that NHG Law's request should be approved by the Court.

15.     In addition to seeking fees, NHG Law is also seeking reimbursement of the expenses incurred in prosecuting this action. NHG Law incurred costs in the amount of $550.00, including $400.00 relating to the filing of the Complaint and $150.00 related to service of process. The invoices reflecting these costs are attached hereto as **Exhibit D**. It is requested that the Court take judicial notice of the cost of filing the Complaint. *See* D.E. 1.

16.     For the above reasons, it is respectfully requested that the Court approve Plaintiff's Motion for Settlement Approval in its entirety.

Dated: Massapequa, New York
       December 7, 2020

Respectfully submitted,

Keith E. Williams, Esq.
Neil H. Greenberg & Associates, P.C.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
keith@nhglaw.com